## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERIDIAN AUTOMOTIVE SYSTEMS – | ) | |
| COMPOSITE OPERATIONS, INC., *et al.*, | ) | Case No. 05-11168 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| THE MAS LITIGATION TRUST, by and | ) | |
| through OCEAN RIDGE CAPITAL | ) | |
| ADVISORS, LLC, as the Litigation Trust, | ) | |
| | ) | Adversary No. 07-51195 (KG) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PLASTECH LDM, | ) | |
| | ) | |
| Defendant. | ) | **Related Docket Nos.: 5 and 6** |

### MEMORANDUM OPINION[1]

The matters before the Court are (1) Plastech Engineered Products, Inc.'s Motion to Dismiss the Complaint to Avoid and Recover Avoidable Transfers pursuant to Federal Rules of Civil Procedure 4 and 12(b)(2), (4) and (5), applicable to this matter under Federal Rules of Bankruptcy Procedure 7004 and 7012 ("Plastech's Motion to Dismiss") [D.I. 5]; and (2) Plaintiff's Conditional Cross-Motion for Leave to Serve and File an Amended Summons and Complaint ("Plaintiff's Cross-Motion") [D.I. 6]. After careful analysis of the facts and legal standards, the Court will grant Plastech's Motion, as set forth below. Because granting

---

[1] This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052.

Plastech's Motion renders Plaintiff's Cross-Motion moot, the Court will not address the Cross-Motion.

## I. BACKGROUND

On April 26, 2005, Meridian Automotive Systems, Inc. and certain of its subsidiaries ("Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On December 6, 2006, this Court entered an order confirming Debtors' plan of reorganization. The Plan became effective on December 29, 2006. Pursuant to the terms of the Plan, a litigation trust was created to pursue certain causes of action.

On April 23, 2007, Ocean Ridge Capital Advisors, LLC (the "Plaintiff"), as trustee of the litigation trust, filed a complaint against Plastech LDM (the "Named Defendant") to recover avoidable transfers in the amount of $5,582,544.79.[2] On May 24, 2007, Plastech Engineered Products, Inc. ("Plastech") filed Plastech's Motion to Dismiss, alleging (i) the Named Defendant does not exist and (ii) service on the Named Defendant was otherwise improper. On June 13, 2007, Plaintiff filed a response to Plastech's Motion to Dismiss, and Plaintiff's Cross-Motion. In its response, Plaintiff contends that it named Plastech LDM as

---

[2] On April 23, 2007, Plaintiff filed a separate adversary proceeding, MAS Litigation Trust v. Plastech Engineered Products, Adv. Proc. No. 07-51196 (the "Plastech Engineered Adversary Proceeding"), to recover avoidable transfers in the amount of $86,567.20. On May 21, 2007, Plaintiff filed an Amended Complaint in the Plastech Engineered Adversary Proceeding seeking the recovery of avoidable transfers in the amount of $5,669,111.99. The amount sought in the Amended Complaint included the transfers alleged in the original complaint as well as additional transfers made by the Debtors 90-day period prior to the Petition Date to or for the benefit of LDM Technologies. The additional transfers alleged in the Amended Complaint in the Plastech Engineered Adversary Proceeding are identical to the transfers alleged in this action.

the Named Defendant in this action in good faith, based upon records Plastech provided that erroneously identified Plastech LDM as the entity that received the avoidable transfers. Plaintiff further notes that, subsequent to filing the Complaint, it learned that LDM Technologies was acquired by Plastech in 2004 and now seeks to amend the Complaint to name LDM Technologies, Inc. n/k/a Plastech Engineered Products, Inc. as the proper defendant.

## II. ANALYSIS

Plastech argues (i) the Defendant does not exist and (ii) service of the Named Defendant was otherwise improper. Plaintiff contends that the Debtors misinformed it that Plastech LDM received the alleged transfers. Under ordinary circumstances, Plaintiff would be permitted to amend the Complaint to correct what is essentially a misnomer. However, the circumstances here do not permit the correction and dismissal of the case is necessary.

Pursuant to Federal Rule 12(b)(5), which is applicable to adversary proceedings under Bankruptcy Rule 7012, a party may submit the defense of "insufficiency of service of process" by motion prior to serving a responsive pleading. In an adversary proceeding, service of process must be made in accordance with Bankruptcy Rule 7004. Under Rule 7004(b)(3), service of a corporation may be made "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires , by also mailing a copy

to the defendant." Fed. R. Bankr. P. 7004(b)(3) (emphasis added).  Service must be made "within 120 days after the filing of the complaint." Fed. R. Bankr. P. 7004(m).

Plaintiff mailed the Summons and Complaint by first-class mail, postage pre-paid, to:

> Plastech LDM
> 2200 Garrison
> Dearborn, MI 48124

Plastech argues that service was defective because it was made on a non-existent entity, at an incorrect address, and was not directed to an officer or agent of the corporation.  Plaintiff acknowledges that Plastech LDM does not exist and has requested leave to name LDM Technologies, Inc. as the proper defendant.  However, Plaintiff has not made any attempt to cure the otherwise defective service, which plainly did not comply with Rule 7004(b)(3)'s requirement that the summons be directed to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law." Fed. R. Bankr. P. 7004(b)(3). Plaintiff contends that it named Plastech LDM in good faith based upon information it received from Plastech.  Unfortunately, Plaintiff's good faith is of no consequence because even if Plaintiff had named the correct party and had mailed the Complaint to the proper address, it would not change the fact that service was not directed to an officer or agent as required by the Rules.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to

present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652 (1950).  Strict compliance with the Federal Rules of Civil Procedure, or in this case, the Bankruptcy Rules, is necessary to provide parties with "just such notice which satisfies constitutional due process requirements." *Schwab v. Assocs. Commercial Corp. (In re C.V.H. Transp., Inc.)*, 254 B.R. 331, 333 (Bankr. D. Pa. 2000).

This Court has consistently held that notice must comply with the literal requirements of Rule 7004(b)(3). *See Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.)*, 2004 Bankr. LEXIS 572, at *18 (Bankr. D. Del. Apr. 30, 2004) ("Failure to address the service of process to the attention of an officer or agent of [defendant] violates the statutory requirements of Bankruptcy Rule 7004(b)(3)"); *In re Golden Books Family Entm't, Inc.*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (notice documents deficient because "among other things, debtors failed to address any of the copies . . . to a person of authority or to a person authorized to accept service").

Numerous other courts have urged strict application of Rule 7004(b)(3), and the analogous Federal Rule 4, in cases similar to the one at bar.  The United States Court of Appeals for the Third Circuit has stated that "[t]he applicable Federal Rule provides that valid corporate service can be effected only if certain designated personnel are served, viz, an officer or qualified agent thereof." *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 (3d Cir. 1971).  Likewise, in *York v. Bank of Am., N.A. (In re York)*, 291 B.R. 806, 811 (Bankr.

D. Tenn. 2003), the bankruptcy court dismissed a complaint where the original summons was mailed to the defendant bank, but not addressed to an officer or agent.[3]

Of course, the Court is aware that the rigid formalism urged by this ruling has been rejected by Courts applying the now revoked Bankruptcy Rule 704(h). Rule 704(h), when it was in effect, provided that "[s]ervice of process under this rule shall be effective notwithstanding an error in the papers served or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued." Applying then Rule 704(h), courts refused to dismiss actions where service of process was technically defective but the defendant received notice of the action and was not materially prejudiced by the service defect. *See Jahan Co. v. Dakota Indus., Inc.*, 27 B.R. 575 (D.N.J. 1983) (service made upon a corporation and not directed to an officer or agent was deemed proper under then Rule 704(h) because the defendant had received all of the papers and there was no material prejudice); *In re Schack Glass Indus. Co.*, 20 B.R. 967, 972 (Bankr. S.D.N.Y. 1982); *Fleet v. U.S. Consumer Council, Inc. (In re Fleet)*, 53 B.R. 833, 841 (Bankr. E.D. Pa. 1985).

---

[3] As the court in *York* noted, there is a disagreement among several courts as to whether a summons addressed to a corporation must include the corporate officer's name or only the title. *Compare Fleet Credit Card Servs. v. Tudor (In re Tudor)*, 282 B.R. 546 (Bankr. S. D. Ga. 2002) (name required), *and Schwab v. Assocs. Commercial Corp. (In re C.V.H. Transp., Inc.)*, 254 B.R. 331 (Bankr. D. Pa. 2000). (name not required). However, because the summons in *York* was not addressed to an officer by either name or title, the court did not address that issue and concluded that the summons was improper under Rule 7004(b)(3). *York*, 291 B.R. at 811. The same is true here.

Former Rule 704(h) would certainly benefit the Plaintiff here.  It is clear that Plastech received the complaint and appears to have suffered no prejudice from the service error. Nevertheless, the current Bankruptcy Rules do not contain a provision similar to what was Rule 704(h).  Moreover, the Third Circuit has held that "notice cannot by itself validate an otherwise defective service."  *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 492 (3d Cir. 1993).

The Court notes that Plaintiff had ample time to cure the defective service within the time period permitted by Rule 7004.  The lack of proper service generally does not require dismissal until the 120 day period for service of process has expired.  Fed. R. Bankr. P. 7004(a).  In this case, the period for service expired on August 21, 2007.  Plastech filed its Motion to Dismiss on May 24, 2007, nearly three months before that date.  Upon receiving Plastech's Motion to Dismiss, Plaintiff knew or should have known that service was defective and could have cured the defective service.  In fact, when Plastech filed a motion to dismiss for lack of proper service in the Plastech Engineered Adversary Proceeding, asserting the same argument, Plaintiff did cure the defective service by serving an alias summons.

### III. CONCLUSION

The Court concludes that because Plaintiff did not comply with Rule 7004(b)(3), service upon Plastech was defective.    Accordingly, Plastech's Motion to Dismiss is GRANTED. The Court will not address Plaintiff's Cross-Motion, which is moot.  An Order consistent with the Opinion shall be issued.

Dated:  December 5, 2007

KEVIN GROSS, U.S.B.J.