IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERIDIAN AUTOMOTIVE SYSTEMS – | ) | |
| COMPOSITE OPERATIONS, INC., *et al.*, | ) | Case No. 05-11168 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| THE MAS LITIGATION TRUST, by and | ) | |
| through OCEAN RIDGE CAPITAL | ) | |
| ADVISORS, LLC, as the Litigation Trust, | ) | |
| | ) | Adversary No. 07-51195 (KG) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PLASTECH LDM, | ) | |
| | ) | |
| Defendant. | ) | **Related Docket Nos.: 37** |

**MEMORANDUM OPINION**[1]

**BY: KEVIN GROSS, UNITED STATES BANKRUPTCY JUDGE**

Before the Court is Plaintiff's Motion Pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 to Alter, Amend or For Other Relief from the Order Dismissing the Complaint Against Plastech LDM and for an Extension of Time to Effectuate Service of Process Pursuant to Federal Rule of Civil Procedure 4(m) (the "Reconsideration Motion") [D.I. 37]. For the reasons stated herein, the Court will grant the Reconsideration Motion.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052

## I. BACKGROUND

On April 26, 2005, Meridian Automotive Systems, Inc. and certain of its subsidiaries ("Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On December 6, 2006, this Court entered an order confirming Debtors' plan of reorganization (the "Plan"). The Plan became effective on December 29, 2006. Pursuant to the terms of the Plan, a litigation trust was created to pursue certain causes of action.

On April 23, 2007, Plaintiff filed a complaint against Plastech LDM to recover certain avoidable transfers. On May 24, 2007, Plastech Engineered Products, Inc. ("Plastech") filed a Motion to Dismiss the Complaint (the "Motion to Dismiss"). The Motion to Dismiss alleged that (i) "Plastech LDM" does not exist and (ii) service on "Plastech LDM" was otherwise improper. On December 5, 2007, this Court issued a Memorandum Opinion ruling that Plaintiff failed to properly serve Plastech in accordance with Bankruptcy Rule 7004(b)(3). On the same date, this Court entered an Order Dismissing the Complaint Against Plastech LDM (the "Order"), and the case was closed by the Clerk's office on December 6, 2007.

On December 14, 2007, Plaintiff filed the Reconsideration Motion. On December 28, 2007, Plastech Engineered Products, Inc. ("Plastech") filed an Objection to the Reconsideration Motion. On January 7, 2008, Plaintiff filed a Reply in support of the Reconsideration Motion. The matter is now ripe for decision.

## II. DISCUSSION

A. <u>Standard of Review</u>

Federal Rule of Civil Procedure 59(e), made applicable to this matter by Bankruptcy Rule 9023, permits a party to file a motion to alter or amend a judgment. Fed. R. Bankr. P. 9023. "[A] Rule 59(e) motion involves the reconsideration of matters properly encompassed in a decision on the merits." 12 *Moore's Federal Practice - Civil* § 59.30[2][a] (3d ed. 2005).

A motion for reconsideration is an extraordinary means of relief in which the movant must do more than simply reargue the facts or law of the case. *See North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (concluding that motion to alter or amend judgment "must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice'.") (citations omitted); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 908 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."); *Stanziale v. Nachtomi*, No. 01-403, 2004 WL 1812705, at *2-3 (D. Del. Aug. 6, 2004) (stating that a court may grant a motion for reconsideration "if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension."); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 417 (D. Del. 1999) ("[motions for

re-argument] should be granted sparingly and should not be used to rehash arguments already briefed or allow a 'never-ending' polemic between the litigants and the Court").

B. <u>Analysis</u>

Plaintiff argues that relief from the Order is necessary to prevent manifest injustice and to remedy its excusable litigation mistake associated with its failure to comply with the technical requirements of Federal Rule 4. In making this argument, Plaintiff has brought several pieces of information to the Court's attention which are worthy of reconsideration.

Plaintiff contends that it did not reserve the original Complaint because it learned that Plastech objected to service of process and jurisdiction and intended to file a motion to dismiss on the grounds that no entity named "Plastech LDM" existed. Plaintiff, therefore, believed that reserving the Complaint upon a technically non-existent entity would be futile. Plaintiff instead intended to cure the defective service once it had amended the Complaint to name the proper defendant. Plaintiff's intended motion for leave to amend was preempted by Plastech's Motion to Dismiss. Plaintiff further argues that it timely petitioned the Court for leave to amend by serving a cross-motion, but the cross-motion was hindered by Plastech's two-month delay in filing a notice of completion of briefing, which, in turn, caused Plaintiff's cross-motion to be decided after the 120-day time period for service had already expired.

The Court notes that Plaintiff was not required to file a motion for leave to amend and was entitled to file an amended complaint as a matter of right pursuant to Federal Rule 15(a),

incorporated by reference in Bankruptcy Rule 7015(a). Thus, Plaintiff could have easily amended its Complaint to correct the misnomer and properly served the Complaint upon the correct defendant within the 120-day time-period. Nevertheless, Plaintiff has demonstrated that its failure to cure the defective service was due to excusable neglect and the Court is satisfied that Plaintiff made a good faith effort to cure the defect. Therefore, the Court grants leave to Plaintiff to correct its litigation mistake to prevent manifest injustice from being imposed upon the estate and its creditors.

### III. CONCLUSION

For the above-stated reasons, the Court will grant the Reconsideration Motion. An appropriate order is attached.

Dated: January 11, 2008

_____
KEVIN GROSS, U.S.B.J.